**UNITED STATES of America, Appellee,**

v.

**Roger LITTLE, aka Sealed Defendant 1, aka Hodgie, Defendant–Appellant.**

**Docket No. 01–1266.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2001.

Joseph M. McCoy, Roche, Corrigan, McCoy & Bush, Albany, NY, for appellant.

Barbara D. Cottrell, Assistant United States Attorney; Joseph A. Pavone, United States Attorney for the Northern District of New York, William C. Pericak, Assistant United States Attorney, on the brief, Albany, NY, for appellee.

Present WALKER, Chief Judge, POOLER and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Roger Little appeals from the May 1, 2001 judgment of the district court convicting him, upon his plea of guilty, of one count of managing a building for the purpose of distributing and using a controlled substance in violation of 21 U.S.C. § 856(a)(2). Little was sentenced principally to 24 months' imprisonment and 3 years' supervised release.

On appeal, Little objects to the district court's calculation of the amount of crack cocaine considered as relevant conduct in the determination of Little's base offense level. In addition to the .414 grams of crack cocaine that Little admitted to selling in his plea agreement, the district court counted 9.5 grams sold by another individual. Little contends that the 9.5 grams should not have been charged to him because, besides being present at the transaction and giving the seller directions to the crack house, he played no role in the transaction and did not financially benefit from it. In making this argument, Little relies primarily on U.S.S.G. § 2D1.8(a)(2), which prescribes reduced base offense levels for those convicted of managing a drug establishment who "had no participation in the underlying controlled substance offense other than allowing use of the premises . . . ."

Little's reliance on U.S.S.G. § 2D1.8(a)(2) is plainly misplaced. The Application Note to this Sentencing Guideline not only expressly precludes its application to the instant case; it also refutes Little's claim that his participation in the

sale of the 9.5 grams of crack cocaine did not appreciably extend beyond his being "present" at the sale: "[S]ubsection (a)(2) would not apply to ... a defendant who made telephone calls to facilitate the underlying controlled substance offense...." U.S.S.G. § 2D1.8, cmt. n. 1. In this case, Little facilitated the sale of the 9.5 grams by giving directions over the telephone to the seller, who was lost, and by orally directing another individual to meet the seller so that he could bring the seller back to the crack house to make the sale.

Little's other arguments are similarly unavailing. It does not matter that the U.S. Attorney's Office might have thought that it had insufficient evidence to convict Little for the sale of the 9.5 grams. *See* U.S.S.G. § 2D1.1, cmt. n. 12 ("Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level."). Nor does it matter that Little's co-defendants, who "were also present," did not have their charges enhanced in the same way. As discussed above, Little was not simply present but actively facilitated the transaction.

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**